IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KEENAN COFIELD, #326109          *
          Plaintiff
         v.          *   CIVIL ACTION NO. CCB-05-2334

UNITED STATES OF AMERICA        *
UNITED STATES TREASURY
  DEPARTMENT, ITS SECRETARY    *
KENNETH GRIMM (TIGTA) TREASURY
  AGENT                       *
                      ******

## MEMORANDUM

On February 26, 2004, an indictment was handed down charging plaintiff with various counts of conspiracy and uttering a forged treasury check. *See United State v. Cofield*, Criminal No. MJG-04-099 (D. Md. 2004). United States Magistrate Judge Paul W. Grimm entered an order for the issuance of a bench warrant for plaintiff's arrest. *Id*. On February 27, 2004, the bench warrant was issued. On March 19, 2004, the bench warrant was executed and plaintiff initially appeared before Judge Grimm for arraignment and appointment of counsel. *Id*. Judge Grimm set the terms and conditions for plaintiff's release at that time. These terms were subsequently modified by United States District Judge Marvin J. Garbis on November 8, 2004. *Id*. On November 9, 2004, plaintiff entered a guilty plea to one count of conspiracy under 18 U.S.C. § 371, and on May 5, 2005, was sentenced to a ten-month term with three years supervised release and ordered to pay a special assessment of $100.00. *Id*. Judgment was entered on May 17, 2005. Plaintiff's direct appeal remains pending before the United States Court of Appeals for the Fourth Circuit.

On August 23, 2005, plaintiff filed the instant civil rights complaint.  Although difficult to decipher, he apparently takes issue with the legality of the bench warrant issued by the Clerk pursuant to Judge Grimm's February 26, 2004 Order and with his March 19, 2004 arrest by Treasury Agent Grimm.  Paper No. 1 at 4.  Plaintiff complains that the warrant was issued by the Clerk, not the court.  *Id*.  He further asserts that the warrant was not properly executed and that Agent Grimm never showed him or read to him "any warrant or indictment."[1]  *Id*.  Plaintiff claims that it was later revealed that he was "illegally and unlawfully taken into custody with the execution and arrest." *Id*.

Plaintiff also alleges that defendant United States Treasury Department failed to train and properly supervise defendant Grimm in proper procedures for taking an individual into custody pursuant to a warrant.  *Id*. at Attachment.  He complains that defendant Grimm did not follow the procedures and that his rights to "due process, illegal search and seizure, arrest/detention" were violated.   Plaintiff seeks damages and a declaration that the: (i) bench warrant was never executed with his arrest; (ii) docket entry concerning the execution of the warrant is not valid; and (iii) return of the warrant was unsigned. *Id*.

Because he appears indigent, plaintiff's motion to proceed in forma pauperis shall be granted. *See* 28 U.S.C. § 1915(a).   His complaint, however, shall be subject to summary dismissal.

Plaintiff's challenges plainly implicate the validity of his arrest and detention related to his conspiracy conviction.  Since plaintiff cannot, at present, illustrate that his conviction has been

---

[1]     Plaintiff also claims that the docket entry in his criminal case falsely and incorrectly noted that the bench warrant was executed on March 19, 2004.  Paper No. 1 at Attachment.  He claims that the warrant was never executed by proper signature.  *Id*.

invalidated, his claims are not cognizable under § 1983. *Heck v. Humphrey*, 512 U.S. 477 (1994) makes this clear.

Plaintiff in *Heck* was an inmate in the Indiana state prison system who sued two state prosecutors who had prosecuted him and a state investigator who had participated in the investigation leading to plaintiff's conviction. Plaintiff alleged that defendants had knowingly destroyed evidence which was exculpatory in nature and had also caused an unlawful voice identification procedure to be used at plaintiff's trial. The complaint sought compensatory and monetary damages. The Supreme Court concluded that the complaint had to be dismissed. In so doing, the Court rejected the lower court's reasoning that a § 1983 action should be classified as a habeas corpus action. Said the Court:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will <u>not</u> demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed in the absence of some other bar to the suit.

*Id*. at 486-7.

In this case, it is clear that a decision with regard to plaintiff's claims necessarily implies the invalidity of his federal conspiracy conviction.  *See Young v. Nickols*, 413 F.3d 416, 418-19 (4th Cir. 2005).  Because plaintiff cannot demonstrate that his criminal conviction has been dismissed or otherwise invalidated, his claim for damages may not proceed at this time.[2]  A separate Order will be entered.

| | |
|---|---|
|     September 8, 2005     |             /s/             |
| Date | Catherine C. Blake |
| | United States District Judge |

---

[2]     The court has reviewed the criminal docket entries and finds that plaintiff has failed to show that the Clerk entered any entries in error.

4